# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S. DRAIN, | : | CIVIL ACTION NO. 1:05-CV-0885 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| LT. MCCONNAUGHEY, et al. | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 2nd day of May, 2005, upon consideration of the motion to proceed in forma pauperis (Doc. 2), and the request for emergency relief (Doc. 1 at 4), in which plaintiff, incarcerated at a state correctional institute in Huntingdon, Pennsylvania, alleges that he has been placed on a "food loaf"[1] diet in violation of his Eighth Amendment rights, and it appearing that plaintiff has not set forth any facts sufficient to constitute a violation of his Eighth Amendment rights, see Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (holding that inmate must demonstrate serious deprivation for Eighth Amendment violation); see also Marnin v. Pinto, 463 F.2d 583, 584 (3d Cir. 1972) ("[B]lanket statements alleging bad food and miserable living conditions in the prison . . . do not ordinarily merit Federal court intervention."); Johnson v. Gummerson, 198 F.3d 233 (2d Cir. 1999)

---

[1] "Food loaf is a substance prepared by grinding up and combining various components of a regular prison meal. This substance is formed into a loaf and baked. The baked loaf is then tightly wrapped in plastic and served to the inmate without tray or utensils." United States v. Michigan, 680 F. Supp. 270, 271-72 (W.D. Mich. 1988).

(holding that inmate's mere allegation that he was being served food loaf was insufficient to support Eighth Amendment claim); LeMaire v. Maass, 12 F.3d 1444 (9th Cir. 1993) (same); Boswell v. Vidor, 924 F.2d 1057 (6th Cir. 1991) (same); it is hereby ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 2) is GRANTED.

2. The request for emergency relief (Doc. 1 at 4) is DENIED.

3. The complaint (Doc. 1) is DISMISSED, without prejudice, for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). Plaintiff shall be permitted to file an amended complaint on or before May 27, 2005.

4. If plaintiff fails to file an amended complaint on or before May 27, 2005, the Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge